UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL GORDON, | : | |
| PLAINTIFF, | : | |
| | : | CIVIL ACTION NO.: |
| | : | 3:17-CV-239 (VLB) |
| | : | |
| v. | : | |
| | : | |
| JAMES C. ROVELLA, | : | |
| DEFENDANT. | : | FEBRUARY 17, 2017 |

### MEMORANDUM OF DECISION DISMISSING PLAINTIFF'S COMPLAINT

This Court dismisses, *sua sponte*, the action brought by the Plaintiff, Michael Gordon ("Gordon" or "Plaintiff") proceeding *pro se*, against the Defendant, James C. Rovella, Chief of Police, City of Hartford, in his official capacity ("Rovella" or "Defendant").  For the reasons stated hereafter, the Plaintiff's action is dismissed.

### Factual Background

Plaintiff alleges a group of individuals who call themselves the "Holy Family" have surveilled Plaintiff's home through audio and video recordings since 2013.  [Dkt. No. 1 at 4.] Plaintiff alleges the individuals described as the Holy Family have committed illegal search and seizure by intercepting Plaintiff's telecommunications and computer activity, removing unspecified items from his computer and/or home video surveillance system, and learned Plaintiff's passwords.  [Dkt. No. 1 at 6.]  Plaintiff also alleges the "Holy Family" committed illegal search and seizure by collecting samples of Plaintiff's fecal matter and testing it for certain medical conditions.  *Id*.  Relatedly, Plaintiff alleges the "Holy

1

Family" has acquired medical information about Plaintiff which is confidential under federal law, and has distributed that information to other individuals. *Id.* at 6; 45 C.R.F. 164. Finally, Plaintiff alleges:

> All of these allegations have been done with the consent, cooperation or knowledge of Officers or Detectives of the Hartford Police Department. Many times this group of individuals is recorded deliberately lying to the Hartford Police Department and/or colluding with the Hartford Police Department in each of the above allegations. One member of the group claims to be a federal law enforcement officer, who continually thwarts any efforts I make to stop the illegal activity.

[Dkt. No. 1 at 6-7.] Plaintiff does not mention Defendant Rovalla specifically in the description of his allegations. *Id.*

### Analysis

The Court may dismiss *sua sponte* an action filed by a pro se plaintiff proceeding *in forma pauperis* if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998) (citations omitted) (discussing terms as applied in 28 U.S.C. § 1915(e)(2)(B)(1), which requires dismissal of *in forma pauperis* actions that are "frivolous or malicious"). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint. *Id.* at 437.

2

In addition, the Second Circuit has extended the grant of authority in 28 U.S.C. § 1915 (e)(2) beyond *in forma pauperis* proceedings holding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances."  *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000).  The Second Circuit explained that "as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."  *Id.*  Accordingly, the Court has the authority to *sua sponte* dismiss the instant action even though Plaintiff's motion to proceed *in forma pauperis* is currently pending.

Plaintiff fails to allege any specific act by Rovello, and only references the Hartford Police Department as a whole in a nebulous fashion.  Without "pleading factual content [which] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Plaintiff's Complaint does not "state a claim to relief that is plausible on its face" as required by Federal Rule of Civil Procedure 8(a)(2).  *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009).  Plaintiff's Complaint is accordingly subject to the defense of failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

For the foregoing reasons, the Plaintiff's Complaint is dismissed with prejudice.  The Clerk is directed to close the file.

                                                    IT IS SO ORDERED.

                                                    _____/s/_____
                                                    Hon. Vanessa L. Bryant

**United States District Judge**

**Dated at Hartford, Connecticut: February 17, 2017**